NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1376

JOHN B. ADRAIN,

Plaintiff-Appellant,

v.

SUPERCHIPS, INC., DIABLOSPORT LLC,
STREET PERFORMANCE ELECTRONICS, INC.,
CRANE TECHNOLOGIES GROUP, INC. (doing business as Crane Cams),
BULLY DOG TECHNOLOGIES LLC,
BD DIESEL PERFORMANCE (doing business as BD Power),
COBB TUNING LLC, COMPETITION CAMS, INC., WE TECHNOLOGIES, INC.,
SUPERCHIPS CUSTOM TUNING LLC, and
EDGE PRODUCTS OLDCO, INC. (doing business as Edge Products),

Defendants-Appellees,

and

TTS, INC. (doing business as TTS Power Systems),

Defendant.

David E. Warden, Yetter & Warden, L.L.P, of Houston, Texas, argued for plaintiff-appellant. Of counsel were Eric Paul Chenoweth, and David C. Hricik, Mercer University School of Law, Macon, Georgia.

Joe C. Holzer, Andrews Kurth LLP, of Houston, Texas, argued for defendants-appellees. With him on the brief were Kendall M. Gray, and Douglas W. Rommelmann.

Appealed from: United States District Court for the Southern District of Texas

Judge Keith P. Ellison

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1376

JOHN B. ADRAIN,

Plaintiff-Appellant,

v.

SUPERCHIPS, INC., DIABLOSPORT LLC,
STREET PERFORMANCE ELECTRONICS, INC.,
CRANE TECHNOLOGIES GROUP, INC. (doing business as Crane Cams),
BULLY DOG TECHNOLOGIES LLC,
BD DIESEL PERFORMANCE (doing business as BD Power),
COBB TUNING LLC, COMPETITION CAMS, INC., WE TECHNOLOGIES, INC.,
SUPERCHIPS CUSTOM TUNING LLC, and
EDGE PRODUCTS OLDCO, INC. (doing business as Edge Products),

Defendants-Appellees,

and

TTS, INC. (doing business as TTS Power Systems),

Defendant.

_____

DECIDED:  January 25, 2007
_____

Before MICHEL, Chief Judge, DYK and PROST, Circuit Judges.

Opinion for the court filed by Chief Judge MICHEL.  Dissenting opinion filed by Circuit Judge PROST.

MICHEL, Chief Judge.

John B. Adrain appeals from a judgment of the United States District Court for the Southern District of Texas in favor of Superchips, Inc. and various other defendants (collectively "Superchips") in his suit alleging infringement of United States Patent

No. 5,523,948 ("the '948 patent"). Adrain v. Superchips, Inc., No. H-04-4117 (S.D. Tx. March 14, 2006). The district court correctly construed claims 1 and 5 to require the device to remain installed in a vehicle, such that the accused products do not infringe. With respect to claim 19, we hold that claim 19 was anticipated by United States Patent No. 5,278,759 ("Berra"). We therefore affirm.

## I. BACKGROUND

The '948 patent was the subject of a prior appeal before this court. See Adrain v. Hypertech, Inc., 70 Fed. App'x 557 (Fed. Cir. 2003) ("Hypertech"). Asserted claims 1, 5 and 19 were reproduced in that opinion, id. at 558-59, and will not be repeated here.[1]

Briefly, the '948 patent is directed to an apparatus and method for modifying an engine control module ("ECM") in an automobile. An ECM is an onboard computer that controls a variety of engine functions. ECMs can be customized to enhance engine performance or reconfigured so the engine operates differently than originally intended by the vehicle manufacturer. For example, as described in the specification, an ECM can be reprogrammed so an engine designed to burn gasoline or diesel will also run on alternative fuels. See '948 patent, col.1 l.60-col.2 l.3, col.6 ll.14-38.

On October 22, 2004, Mr. Adrain filed suit in the United States District Court for the Southern District of Texas against Superchips. After the parties filed their claim construction briefs, a court-appointed special master filed his recommendations on December 16, 2005; various objections were filed. A Markman hearing was held on February 8, 2006. The district court subsequently issued an order (1) construing the disputed claims; (2) granting summary judgment of non-infringement as to claims 1 and

---

[1] Independent claim 1 and dependent claim 5 are apparatus claims, while claim 19 is a method claim.

5; and (3) granting summary judgment of invalidity as to claim 19. <u>Adrain v. Superchips, Inc.</u>, 2006 U.S. Dist. LEXIS 25212 (S.D. Tx. March 14, 2006).

Judgment was entered accordingly, and a timely appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## II. DISCUSSION

### A.

Mr. Adrain first argues that summary judgment of non-infringement with respect to the apparatus claims was improperly granted because the court erred in its claim construction. We review a district court's claim construction without deference. <u>Cybor Corp. v. FAS Techs., Inc.</u>, 138 F.3d 1448, 1454-56 (Fed. Cir. 1998) (en banc). In construing disputed claim terms, we determine the customary meaning as understood by a person of ordinary skill in the art according to the methodology described in <u>Phillips v. AWH Corp.</u>, 415 F.3d 1303, 1312-19 (Fed. Cir. 2005) (en banc).

Although multiple claim terms were disputed, Mr. Adrain only seeks appellate review of one of them. Specifically, he contends that the district court erred in construing the preamble phrase "[a]n improvement in a vehicle" in claim 1 to require that the module remain part of the vehicle once attached. <u>Adrain</u>, 2006 U.S. Dist. LEXIS 25212 at *11-12. We reject this argument.

The prosecution history of an earlier patent in the same family "applies with equal force to subsequently issued patents that contain the same claim limitation." <u>Elkay Mfg. Co. v. Ebco Mfg. Co.</u>, 192 F.3d 973, 980 (Fed. Cir. 1999). Here, the '948 patent is a continuation-in-part of United States Patent No. 5,446,655, which is a continuation of

United States Patent No. 5,293,317, which is itself a continuation of United States Patent No. 5,200,900 ("the '900 patent").

Most relevant to this appeal, the district court pointed to the prosecution history of the '900 patent. Although the original claims of that application referred to "an improvement in an apparatus," they were amended to read "an improvement in a vehicle." The examiner had cited United States Patent No. 4,502,324 ("Marino") as prior art, but the patentee argued that claim 1, as amended, was not anticipated because "Marino is not an improvement in a vehicle, but a stationary piece of shop equipment." Indeed, this court has previously observed that this statement "suggests that the phrase 'an improvement in a vehicle,' which was carried through to claim 1 in the '948 patent, may require the invention to be incorporated within or retrofitted to the vehicle." Hypertech, 70 Fed. App'x at 561. Because the argument was not raised in that appeal, however, the panel declined to address it. Id. Now that the issue is squarely before us, we do not hesitate to affirm the district court's construction of "an improvement in a vehicle" to mean "a module that becomes part of a vehicle and is intended to remain part of the vehicle during use."[2]

Based on this interpretation, the district court granted summary judgment of non-infringement as to claims 1 and 5. We review this decision de novo, reapplying the same standard used by the district court. See, e.g., Cook Biotech, Inc. v. Acell, Inc., 460 F.3d 1365, 1372 (Fed. Cir. 2006). Summary judgment is appropriate when "there is

---

[2]    Although Mr. Adrain argues that the module need not be "permanently" attached because the patent expressly contemplates the ability to restore the ECM to its original configuration, see '948 patent, col.6, ll.8-10, the district court acknowledged that "the patented invention may, like any other automobile part, be removed after installation." Adrain, 2006 U.S. Dist. LEXIS 25212 at *12. In other words, the module can be uninstalled and the ECM returned to its original, unmodified state.

no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The accused products are handheld devices used to reprogram ECMs; afterwards, these devices are disconnected from the vehicle. To survive a summary judgment motion, the non-movant "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (U.S. 1986). As Mr. Adrain presented nothing to rebut Superchips' evidence that the accused products do not remain part of the vehicles that they reprogram, the district court did not err in granting summary judgment of non-infringement with respect to the apparatus claims.

## B.

With respect to the method claim, Mr. Adrain argues that the district court erred in granting summary judgment of invalidity. The "selectively controlling" clause[3] of claim 19 was construed to mean "making a decision to switch control of the engine from the programmed mode provided in the originally provided memory to the additional programmed mode provided by the adapter module, with the adapter module remaining coupled to the bus such that control of the engine can be switched back and forth between the originally provided programmed mode and the additional programmed mode." Adrain, 2006 U.S. Dist. LEXIS 25212 at *20. Yet, the court clarified that this interpretation "does not require that the device permit switching between modes while the vehicle is in operation." Id. at n.2. In finding claim 19 anticipated by Berra, the court

---

[3] Claim 19 recites the following limitation: "selectively controlling said engine by means of said first computer through at least one additional programmed mode provided by said adapter module, said additional programmed mode not being originally included in said originally provided memory."

rejected Mr. Adrain's argument that Berra did not disclose retaining the vehicle's originally provided memory during and after reprogramming of the ECM. Id. at *26-27.

We generally agree with the district court's claim construction. Claim 19 does not recite the "improvement in a vehicle" limitation of the apparatus claims. As such, the claimed method does not require that the adapter module remain attached to the vehicle. Moreover, the language of claim 19 makes no reference to switching back and forth between the originally provided programmed mode and the additional programmed mode during vehicle operation. Nor does claim 19 require the further step of storing the original configuration elsewhere in an additional memory, as Mr. Adrain argues. It merely requires that the adapter module provide at least one additional programmed mode not originally included in the ECM.

As construed, claim 19 is anticipated by Berra, which discloses a method of reprogramming an ECM with an off-board controller. We reject Mr. Adrain's argument that Berra does not disclose retaining or otherwise storing the original program so that it can be restored later. The district court correctly interpreted Berra as disclosing a method wherein the original program code is "preferably erased," see col.4 l.62, (but not necessarily erased) when the ECM is reprogrammed. Indeed, as the district court noted, the "Summary of the Invention" section of the Berra specification states:

> In one form of the present invention, the reprogramming method follows a predetermined transfer protocol which assists in preventing the existing computer program code stored in the non-volatile memory from being improperly erased or re-written.

Col.4 ll.2-29 (emphasis added). By disclosing the ability to preserve the original code, Berra inherently discloses the ability return to the original code at a later point. Furthermore, dependent claims 11 and 15 refer to erasure of "at least a portion" or

"substantially the entire contents" of the existing memory, but the broadest method claim—i.e., independent claim 10—merely requires storing the new computer program code. In other words, claim 10 is sufficiently broad to disclose a method wherein the original program code is left intact alongside the new code. As such, summary judgment of invalidity was properly granted.

Having reached this conclusion, we need not and do not decide whether the accused products infringe claim 19. We affirm the judgment of the district court.

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-1376

JOHN B. ADRAIN,

Plaintiff-Appellant,

v.

SUPERCHIPS, INC., DIABLOSPORT LLC,
STREET PERFORMANCE ELECTRONICS, INC.,
CRANE TECHNOLOGIES GROUP, INC. (doing business as Crane Cams),
BULLY DOG TECHNOLOGIES LLC,
BD DIESEL PERFORMANCE (doing business as BD Power),
COBB TUNING LLC, COMPETITION CAMS, INC., WE TECHNOLOGIES, INC.,
SUPERCHIPS CUSTOM TUNING LLC, and
EDGE PRODUCTS OLDCO, INC. (doing business as Edge Products),

Defendants-Appellees,

and

TTS, INC. (doing business as TTS Power Systems),

Defendant.

PROST, Circuit Judge, dissenting-in-part.

Because, in my view, under the proper construction of claim 19, Berra cannot support the district court's finding of invalidity, I respectfully dissent from part B of the opinion.  The majority reads claim 19 as having "no reference to switching back and forth between the originally provided programmed mode and the additional programmed mode during vehicle operation."  While lacking a requirement to switch during vehicle operation, the claim does require "selectively controlling" the engine.  As the district

court properly recognized, "selectively controlling" indicates the ability to switch back and forth between multiple programmed modes.

Giving appropriate meaning to "selectively," Berra fails to anticipate claim 19. As the majority discusses, Berra may allow two programs to exist simultaneously in the on-board controller, and therefore allows the possibility of returning to the original program in the future. To properly anticipate claim 19, however, Berra must disclose the means by which to return to the original program, not just leave open a possibility. Contrary to the majority, I do not believe Berra discloses the ability to return to that program. Accordingly, I would reverse the district court's finding of invalidity based on Berra.

Appellees additionally assert anticipation of claim 19 based on the Microburst device. The district court did not address the Microburst device, and the record on appeal provides insufficient basis to support a grant of summary judgment at this time. I would therefore remand to the district court to evaluate anticipation based on the Microburst device.